IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE BAKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-393-NJR |
| PEOPLE OF STATE OF ILLINOIS, STEVEN BERTRA, JOHN DOE DIRECTOR, WARDEN #1 CENTRALIA CC, WARDEN #2 CENTRALIA CC, THOMAS A. SPILLER, LESLIE McCARTY, and SARAH JOHNSON, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Donnie Baker filed this *pro se* action pursuant to 42 U.S.C. § 1983. In the Complaint, Baker alleges that Defendants hooked him up to a mind reading device. He seeks monetary relief and to have the mind reading device unhooked from his person.

Baker also seeks leave to proceed *in forma pauperis* ("IFP") without prepayment of the filing fee for this action. (Doc. 4). Although Baker sues a number of officials with the Illinois Department of Corrections ("IDOC"), he was not in prison at the time he filed his Complaint. Thus, he is not a prisoner under 28 U.S.C. § 1915(h). Nevertheless, the district court may deny the otherwise qualified plaintiff leave to proceed IFP and dismiss the case, if the action does not survive screening under 28 U.S.C. § 1915(e)(2), which requires dismissal of a complaint, or any claim therein, that is clearly frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. An action fails to state a claim if it does not plead "enough

1

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The test for determining if an action is frivolous or meritless under Section 1915(e)(2)(B)(i) is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous if it "lack[s] an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Id.* at 327-328. A claim is factually frivolous if it is "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." *Felton v. City of Chicago,* 827 F.3d 632, 635 (7th Cir. 2016) (quotation omitted) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)); *see also Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (a case can be dismissed as factually frivolous when the allegations "are so nutty ("delusional" is the polite word) that they're unbelievable.").

In evaluating whether a complaint is factually frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 34. Instead, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325.

### The Complaint

Baker submitted a Complaint (Doc. 1), Supplement (Doc. 8), and a Motion for Summary Judgment (Doc. 5). All three documents state the same facts: Baker was hooked up to a mind reader machine in 2013. (Doc. 1, p. 3; Doc. 8, p. 2; Doc. 5, p. 2). Attached to his Complaint (Doc. 1) are two grievances related to this mind reader machine. His first grievance, dated November 1, 2013, alleged that he received a disciplinary report for fighting in January 2013 and

three days after the fight was hooked up to a minder reader machine. (*Id*. at p. 13). According to the grievance, he was still hooked up to the machine, despite being transferred from Centralia Correctional Center to Pinckneyville Correctional Center, and IDOC knew everything he was thinking. (*Id*.). The second grievance, dated October 13, 2014, stated that IDOC still had him hooked to a mind monitor at Pinckneyville and was monitoring everything he was thinking. (Doc. 1, p. 11). He indicated that he was hooked up to the machine twenty-four hours a day. (*Id*.).

## Discussion

Courts have the authority to dismiss claims that are fantastic or delusional in order to discourage the waste of judicial and private resources. *Neitzke,* 490 U.S. at 327-28. The allegations in Baker's complaint clearly cross that line. Baker's Complaint and various other filings allege that Baker is hooked up to a mind reading device and that IDOC was and, as of the date of filing his Complaint, still is monitoring his every thought. These allegations are delusional and irrational.

Even if the Court did not find Baker's allegations to be totally irrational, Baker's allegations also do not state a claim upon which relief may be granted. Baker does not identify any constitutional violation associated with the monitoring of his thoughts nor has he alleged how the named individuals participated in the alleged violation.

## Disposition

For these reasons, this action is **DISMISSED with prejudice** as factually frivolous. Baker's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4) is **DENIED**, and his Motion for Summary Judgement (Doc. 5) is **DENIED as moot**.

If Baker wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in Federal Rule of Appellate Procedure 4(a)(1)(A). If Baker does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See*

Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/4/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**